GEORGE CORNES, plaintiff in error, vs. OLIVER HARRIS, defendant in error.—*Judgment affirmed.* WM. TRACY for plaintiff in error; C. P. KIRKLAND for defendant in error.

This was a case in relation to the action of nuisance, by writ of nuisance, under 2 R. S. 332. It was held that the declaration in such an action must show that the plaintiff has a freehold estate in the premises affected by the nuisance. *Possession* of the premises affected by the nuisance is sufficient to sustain an action on the case for damages arising from the nuisance. (Reported, 1 Comstock, 223.)

ISAAC BELL, appellant, vs. EDWARD STAINER, respondent.—*Decree of the Court of Chancery and also that of the assistant vice chancellor reversed, and the bill dismissed with costs in the Court of Chancery.* A. G. ROGERS and SAMUEL STEVENS for appellant; N. DANE ELLINGWOOD for respondent.

Stainer filed his bill to set aside a bond and mortgage given by him to J. H. Bell, and assigned by the latter to his father, Isaac Bell, the appellant, on the ground of fraud. The material question in the case was, whether J. H. Bell was guilty of a fraud in the sale of lots in Sandusky city, for which the bond and mortgage were given. The bill charged that J. H. Bell never had any legal or equitable title to the lots, except a contract as a conditional sale from the owner, but that he pretended to be the owner with intent to defraud, &c. The answer denied that J. H. Bell pretended to be the owner of the Sandusky lots, when he sold them to Stainer, or that he concealed from him the fact that he, Bell, had no claim to them, except under an executory contract for their conveyance, conditionally thereafter to be performed. It was a question of fraud. (Not reported.)

SAMUEL ADAMS, plaintiff in error, vs. THE PEOPLE, defendants in error.—*Judgment affirmed.* GEORGE WOOD and J. H. RAYMOND for plaintiff in error; OGDEN HOFFMAN and J. MCKEON for defendants in error.

This case decided that an offence committed within this state by means of an innocent agent, the employer was guilty as a principal though he did no act in this state, and was at the time the offence was committed, in another state. It was no answer to the indictment that the defendant owed allegiance to another state or sovereignty. (Reported, 1 Comstock, 173.)